COLUMBIA GAS TRANSMISSION
CORP., Plaintiff,

v.

Clyde TAYLOR, Jr., et al., Defendants.

No. CIV. A. 98–338.

United States District Court,
E.D. Kentucky,
Pikeville.

Aug. 16, 1999.

Margaret A. Miller, Greenebaum, Doll & McDonald, P.L.L.C., Lexington, John Armstrong West, Greenebaum, Doll & McDonald, Covington, Harry C. Bruner, Jr., Columbia Gas Transmission Corporation, Charleston, WV, for Columbia Gas Transmission Corporation, plaintiffs.

Lawrence R. Webster, Pikeville, for Clyde Taylor, Jr., Violet W. Taylor, Phyllis T. Allen, Curtis T. Allen, Anna Lou T. McKinney, Robert C. McKinney, Billy Joe Taylor, Vera Taylor, defendants.

## AMENDED MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the Court on Plaintiff's motion to dismiss the defendants' counterclaim for damages [Record No. 36]. The time period for responding to said motion has elapsed under the local rules. The record is replete with sufficient facts to enable the Court to rule on this matter which is now ripe for decision. The Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The dispute between the parties in this action involves the plaintiff's easement and rights in same over the defendants' property. Said easement has been in existence for almost seventy years and the dominant and servient estates of same have passed through several hands, none of which is at issue before this Court. The language of the easement grants the owner "the right to lay, maintain, operate, and remove a pipeline for the transportation of natural gas...." Said easement further provides "that the gas line to be laid under this grant shall be constructed and maintained below cultivation, so that the Grantors may fully use and enjoy the premises, subject to the rights of the Grantee to maintain and operate said lines."

Defendants, the owners of the servient estate, desire to mine the coal located in a reserve beneath the surface of their property and in the immediate vicinity of Plaintiff's natural gas line. Mining regulations exist preventing the extraction of coal near the gas line. Thus, in order to remove the coal from the defendants' property, the gas pipeline must be relocated. The counter-

claim contends that the plaintiff is responsible for all costs associated with moving said pipeline. The plaintiff argues that the language in the easement does not require the plaintiff to bear the burden of this expense, should a move occur.

The only question before the Court on Plaintiff's motion for partial summary judgment is whether the plaintiff has a duty to relocate the natural gas pipeline at its own expense to accommodate the defendants' desire to mine coal.

## CONCLUSIONS OF LAW

In deciding whether to grant summary judgment, the Court must view the facts in a light most favorable to the nonmoving party. *See Kocsis v. Multi–Care Mgt., Inc.,* 97 F.3d 876, 882 (6th Cir.1996). If the Court finds that there is no genuine issue of material fact for the jury to consider, summary judgment may be granted. *See Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989).

The facts in the case at bar are very similar to those in *Columbia Gas Transmission Corp. v. Ltd. Corp.,* 951 F.2d 110 (6th Cir.1991).[1] In *Ltd. Corp.,* an oil and gas lessee sought to recover from the lessor, damages caused by the lessor's mining of nearby land and the costs of relocating the oil and gas pipelines. The Sixth Circuit held that the lessor was responsible for the cost of repairing the pipelines and the cost of moving them to accommodate their own coal mining activities, as it was the dominant estate who wished to change the status quo of the parties under the lease. *See id.* at 114. *Ltd. Corp.* upheld the district court's decision that the dominant estate bears the burden of the costs and expenses when it "wishes to undertake a project that interferes with reasonable use by the owner of the servient estate." *Id.* at 113.

Similarly, *Tenneco, Inc. v. May,* 377 F.Supp. 941 (E.D.Ky.1974), holds that the servient estate should not be required to bear the costs made necessary by the development of the land owned by the dominant estate. *See id.* at 944. The *Tenneco, Inc.* Court adopted the reasoning in *Potter v. Northern Natural Gas Co.,* 201 Kan. 528, 441 P.2d 802 (1968), and concluded that requiring a lessee to bear the costs of the lessor's desire to alter the land would "engraft an additional term onto the lease." *Tenneco, Inc.,* 377 F.Supp. at 944.

In the instant case, a change in the location of the natural gas pipeline within the easement owned by the plaintiff would be an alteration in the status quo which is not provided for in the rights of way. Should the defendants wish to relocate the natural gas pipeline so that they may mine the nearby coal, the financial responsibility of said move is squarely on their shoulders. Hence, no genuine issue of material fact exists as to the defendants' counterclaim for damages on this issue.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for partial summary judgment be, and the same hereby is, **GRANTED;** and that the defendants' counterclaim for damages on this issue be, and the same hereby is, **DISMISSED WITH PREJUDICE.**

---

**1.** Because the plaintiff's name in the referenced Sixth Circuit case is the same as that of the plaintiff in the case at bar, the Sixth Circuit case will be referred to the *Ltd. Corp.* case to avoid confusion.